J-S26001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                :
:
:
RECARDO RUSSAW            :
:
Appellant        :   No. 1459 WDA 2018

Appeal from the Judgment of Sentence Entered June 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012241-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED JUNE 17, 2020**

Recardo Russaw (Appellant) appeals from the judgment of sentence imposed after the trial court found him guilty of burglary of an overnight accommodation with persons present, robbery, persons not to possess a firearm, and recklessly endangering another person (REAP).[1]  We affirm.

Appellant appeared for a bench trial on April 6, 2018.  The trial court summarized the evidence as follows:

> On the night of April 4, 2015, Beverly Williams [(Williams)] was asleep with her two young children (ages 2.5 and 7) at her home on Webster Avenue in the Hill District section in the City of Pittsburgh.  [Appellant] broke in the rear door of the residence, entered Williams' bedroom, turned the light on, and threatened her with a gun.  During the encounter, Appellant pointed the gun at [] Williams, and asked her, "where the guns and weed was at."

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 3701(a)(1)(i), 6105(a)(1), and 2705.

[Appellant] instructed [] Williams not to move, as he rummaged through her dresser drawers looking for guns and marijuana. Appellant told Williams he would not hurt her or her children, that he was looking for "Deli." "Deli" was the nickname of Trula Dobbins [(Dobbins)], Williams' boyfriend and father of the two children; Dobbins was incarcerated in the Allegheny County Jail at the time of the incident. Appellant then leaned over top of her and began kissing her right ear and telling her she was "cute." Appellant repeatedly asked her why she was in a relationship with [Dobbins], and told her to tell [Dobbins] he was "dead." Appellant took her phone and $200, and told Williams to put her face in her pillow until she heard the door shut.

When [Appellant] left the room[,] Williams immediately called 911 from her home phone. Police quickly responded, and [Appellant] was still in the residence when officers approached the front door. The police knocked and announced their presence. From behind the door, [Appellant] attempted to disguise his voice as female and assure the police that everything was okay. The police forced the door, but [Appellant] fled out the rear door and escaped.

Shortly after this incident [Dobbins] was released from the Allegheny County Jail and returned to reside in the Hill District. On April 21, 2015[, Dobbins] was shot and killed in a Hill District Bar. Several witnesses implicated [Appellant] in that shooting and [Appellant] was arrested and charged for both incidents[.]

Trial Court Opinion, 8/28/19, at 6-7 (citations omitted).

The trial court convicted Appellant of the aforementioned crimes committed on April 4, 2015, and acquitted Appellant of Dobbins' murder. The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report.

On June 26, 2018, the trial court sentenced Appellant to an aggregate 20 to 40 years of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on September 24, 2018. This timely appeal

- 2 -

followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents three issues for review:

[1.] UNDER PENNSYLVANIA LAW, DOES THE COMMONWEALTH PROVE THEIR CASE BEYOND A REASONABLE DOUBT WHEN THEIR CASE IS BASED SOLELY ON AN EYEWITNESS WHO PREVIOUSLY MISIDENTIFIED ANOTHER SUSPECT, WAS UNSURE OF HER IDENTIFICATION DURING ANOTHER PRE-TRIAL IDENTIFICATION AND WHOSE FINAL IDENTIFICATION AMOUNTED TO A PURE GUESS?

[2.] UNDER PENNSYLVANIA LAW, DOES A VERDICT BASED SOLELY ON AN EYEWITNESS WHO PREVIOUSLY MISIDENTIFIED ANOTHER PERSON AND WAS UNSURE OF HER IDENTIFICATION DURING ANOTHER PRE-TRIAL IDENTIFICATION SHOCK THE CONCSCIENCE AND WARRANT A NEW TRIAL WHEN TRIAL [*sic*]?

[3] UNDER PENNSYLVANIA LAW, DID THE TRIAL COURT ABUSE ITS DISCRETION BY SENTENCING [APPELLANT] BASED ON EVIDENCE AND INFORMATION ALREADY FACTORED INTO THE SENTENCING GUIDELINES?

Appellant's Brief at 13.

In his first issue, Appellant purports to challenge the sufficiency of the evidence. *See* Appellant's Brief at 18. Specifically, Appellant argues that Williams' testimony identifying him as the individual who burglarized her home and robbed her on April 4, 2015 is insufficient to support his convictions where Williams' "eyewitness account was so unreliable because it amounted to nothing more than a guess." *Id.* at 22. Appellant further asserts that Williams' identification was unreliable because she initially identified a different individual and questioned her selection of Appellant during a subsequent photo array. *Id.* at 24-28.

Appellant's challenge goes to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence"). Appellant concedes that "any uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency." Appellant's Brief at 19, *see also Commonwealth v. Edwards*, --- A.3d ----, 2020 WL 702571, *7 (Pa. Super. Feb. 12, 2020) (citation omitted). Our Supreme Court has confirmed that an "appellant's challenge to the sufficiency of the evidence must fail" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). Accordingly, Appellant sufficiency claim lacks merit.

In his next claim, Appellant properly challenges the weight of the evidence supporting his convictions for burglary, robbery, persons not to possess a firearm, and REAP.[2] We have explained:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's

---

[2] Appellant preserved this issue in compliance with Pa.R.Crim.P. 607 by raising it with the trial court in a post-sentence motion. Appellant's Post-Sentence Motion, 7/3/18, at 3-4.

- 4 -

decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citations omitted). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Id.* (citation omitted). Therefore, "[a]n appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence, as the trial judge is in the best positon to view the evidence presented." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006) (citation omitted). To allow an appellant "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2016) (citation omitted).

Appellant argues that the trial court's determination that Williams was credible "should plainly shock the conscience and warrant a new trial when considering her prior misidentification and subsequent doubtful identification." Appellant's Brief at 30.

- 5 -

The trial court explained its denial of Appellant's weight claim:

Appellant alleges [the verdicts were] contrary to the weight of the evidence because [Williams] failed to identify Appellant as the perpetrator of the crimes immediately following the incident; [Williams] identified another suspect as the possible perpetrator of the crimes; the investigating officers investigated the crimes committed and developed another suspect; the Commonwealth failed to produce evidence of positively identifying [Appellant] as the perpetrator of the crimes charged; the [t]rial [c]ourt failed to consider the factors set forth in Pennsylvania Standard Jury Instruction 4.078 Identification - Accuracy in Doubt; and the [t]rial [c]ourt failed to consider the factors set forth in *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954) regarding standards pertaining to eyewitness testimony. . . . These claims are without merit.

\* \* \*

Pursuant to Pennsylvania Standard Jury Instruction 4.07B, the factors to be considered when the accuracy of an identification is in doubt are: (1) if the witness because of bad position, poor lighting, or other reasons did not have a good opportunity to observe the criminal; (2) if the witness in his/her testimony is not positive as to identity; (3) if the witness's positive testimony as to identity is weakened by qualifications, hedging, or inconsistencies in the rest of his/her testimony by his/her not identifying the defendant, or identifying someone else, as the criminal at a lineup, when shown photographs before trial. *See* Pa.S.S.J.I. (Criminal) §[] 4.07B.

This particular instruction is dictated by the principles set forth in *Kloiber*, 150 A.2d at 820. A *Kloiber* charge instructs the jury that an eyewitness' identification should be viewed with caution where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past. *Id.* . . .

The [t]rial court was certainly aware of the *Kloiber* factors and their potential applicability here. The [t]rial [c]ourt had the opportunity to scrutinize and evaluate the demeanor and testimony of [Williams] — her explanation of the misidentification,

- 6 -

as well as the level of certainty expressed at trial that [Appellant] was the perpetrator of the crimes.

This [c]ourt considered the **Kloiber** and SSJI factors and in fact noted at the time of the entry of the verdicts:

As to the burglary, robbery, persons not to possess and REAP, that case hinges on the testimony of Ms. Williams[,] there was a protracted identification process here from the initial identification, misidentification as is the circumstance [*sic*], did not contain a photograph of Appellant and eventually she identified him in the photo array process and in open court under oath. The [c]ourt finds the trauma and dynamics that attach to the crime itself, that there is no question about the break-in by the physical evidence, there is no question about the items taken and a gun, it is not contested. The only thing contested is identification. The [c]ourt finds based on her demeanor in court, the identification process that unfolded in which she positively identified Appellant, and under oath . . . in court and 100 percent sure, [Appellant] is found guilty of those four charges.

(T.T. 190-191.)

The fact the trial court found Williams' trial testimony/identification believable perforce does not indicate an abuse of discretion, rather it indicates that the [t]rial [c]ourt performed its function, first as the finder of fact, and second as the reviewing court at the post-trial motions phase.

Trial Court Opinion, 8/28/19, at 11-15.

Our review reveals that the trial court did not abuse its discretion in denying Appellant's weight claim. At trial, Williams positively identified Appellant as the individual who broke into her home and robbed her on April 4, 2015. N.T., 4/6/18, at 78. The trial court also heard Williams' testimony that during the first photo array, she identified an individual who was not

Appellant. *Id.* at 85-86. Williams testified that she misidentified the perpetrator because she was traumatized from the incident, but remembered "more and more as the time went along." *Id.* at 86. Williams further testified that in the second photo array, she identified Appellant as the person who broke into her home. *Id.* at 91-92.

While identifying Appellant in the second photo array, Appellant stated to detectives, "[n]ot for certain. I'm afraid to pick the wrong person." N.T., 4/6/18, at 92. Williams testified that she qualified her identification because she was afraid for the safety of her children and herself. *Id.* at 94. Williams further testified that she again identified Appellant in a third photo array. *Id.* at 96. On the instruction sheet for the third photo array, Appellant wrote, "I'm 100 percent sure that this is the person." *Id.* at 96-97. Williams emphasized at trial that she was 100% certain Appellant was the person who broke into her home on April 4, 2015. *Id.* at 132-33.

Appellant assails the credibility of Williams' identification testimony. However, this Court may not substitute our judgment for that of the factfinder — whether a jury or the trial court — because it is the province of the factfinder to assess the credibility of the witnesses. *See Commonwealth v. DeJesus*, 860 A.2d 102 (Pa. 2004); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."). "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable

and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." ***Commonwealth v. Fortson***, 165 A.3d 10, 16 (Pa. Super. 2017), citing ***Commonwealth v. Rossetti***, 863 A.2d 1185, 1191 (Pa. Super. 2004).

Here, the trial court "scrutinize[d] and evaluate[d] the demeanor and testimony of [Williams] — her explanation of the misidentification, as well as the level of certainty expressed at trial that [Appellant] was the perpetrator of the crimes." Trial Court Opinion, 8/28/19, at 14. We may not substitute the trial court's credibility determinations with our own. ***Johnson***, 668 A.2d at 101. In sum, we discern no abuse of discretion by the trial court in denying Appellant's weight claim.

In his final claim, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claim in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. **See** Appellant's Brief at 31-32. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court imposed an excessive sentence and considered an impermissible factor. Appellant's Brief at 13. Appellant's claim raises a substantial question. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). Appellant further contends that the court did not adequately consider multiple mitigating factors. Appellant's Brief at 31. This claim also raises a substantial question. **See Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

Preliminarily, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

Additionally:

In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding

- 11 -

the defendant's character and weighed those considerations along with mitigating statutory factors.

***Commonwealth v. Fowler***, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004)).

Appellant claims the trial court abused its discretion by considering an impermissible factor in fashioning his sentence. Appellant's Brief at 32-35. Specifically, Appellant argues that the court "considered and factored Appellant's criminal history as an aggravating factor when such was already calculated into the guidelines and impermissible under our jurisprudence and Sentencing Code." *Id.* at 35.

With regard to impermissible sentencing factors, we have stated:

A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (citations omitted). We are only required to vacate the sentence if we conclude the court relied upon impermissible factors when imposing its sentence.

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence

invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

***Commonwealth v. Scott***, 860 A.2d 1029, 1030 (Pa. Super. 2004) (citation omitted).

At sentencing, the trial court stated:

As to [Appellant], [the court] notes that for purposes of the record, in this instance I went through [] the charged offense that [Appellant] was previously convicted of robbery, [3701(a)(1)(ii)], sentenced to a period of [5] to 10 years [of] incarceration on July 2nd, 1999 in that regard. [Appellant] also pled guilty at CC 1999 09932 on April 25, 2000, criminal attempted homicide of a police officer, aggravated assault; and sentenced to 6 to 12 years [of] incarceration for those offenses. And the [c]ourt notes that those are the qualifying offenses uncontested, that makes [Section] 9714 applicable. Additionally, while not qualifying as a conviction under 9714, [Appellant] also pled guilty to three counts of aggravated assault as felonies of the second degree, and two counts of simple assault on November 15th, 2000. [The court] notes that the incident, the criminal attempt homicide of a police officer began when [Appellant] brandished a firearm at a youth who was evidently setting off firecrackers. The city police arrived, a foot chase ensued, and [Appellant] brandished a weapon, a 357 revolver with both hands in a pointing and shooting stance at the police officer at that time. He was also, upon arrest, found with two weapons in his possession. On January 26, 2000 [Appellant] while incarcerated assaulted a jail [o]fficer, or Sergeant Besserman, while Sergeant Besserman was trying to remove another prisoner, and a small melee occurred at the jail where three officers were injured during the course of that offense. [The court] notes [Appellant] is not [RRRI] eligible. Previous attempts at community supervision as well as periods of incarceration have proved to be of no avail in terms of modifying or changing [Appellant's] conduct. [The court], of course, notes his history of violence, history of firearms possession and use, his disregard for the law, and his disregard for the safety of police officers and regular members of the community. [The court] notes the statement of [the grandfather] as to the trauma inflicted on the seven year old in the burglary and robbery here; and [the court] takes all that into account. [The court] also takes into account [Appellant's] past in terms of his social history detailed in the

presentence report, the positive letters submitted on his behalf by Mr. Baskin, his statement on his behalf arguing for certain leniency or mitigation in terms of the nature of the sentence that I am about to impose. [The court] has taken into account the statutory obligation, the impact of the crime on the community, the particular persons involved, the safety and protection of the community, [Appellant's] rehabilitative needs, and the factors articulated in Title 42 that surround my sentencing obligation. [The court] believes based on all of that, the following sentence is appropriate . . .

N.T., 6/26/18, at 18-22.

The trial court subsequently opined:

The trial court did not abuse its discretion when it imposed a 20-40 year term of imprisonment. . . . Here, at the time of sentencing the trial court set forth on the record that the Commonwealth had filed notice of their intention to seek the mandatory minimum provisions under 42 Pa.C.S.A. §[] 9714 of ten years for each of the crimes of violence (robbery and burglary).

Further, 42 Pa.C.S.A. § 9721(b) specifies that "the sentence impose should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." [*Id.*]

At sentencing[,] the trial court noted that it had received and reviewed two presentence reports, dated May 29, 2018 and June 29, 2018, and that it had considered the applicable sentencing guidelines. Specifically, the guidelines at the burglary count carried an offense gravity score of nine, with Appellant having a prior record score of five, thus giving him a standard guideline range of 120 months. As to the robbery count, the trial court noted that it carried an offense gravity score of ten, prior record score of five, thus giving it a standard range of 120 months as well. Additionally, the trial court noted that the firearms count carried 60 months in the standard range and the REAP count carried twelve months in the standard range.

Further, the trial court reviewed Appellant's prior convictions for robbery for which he was sentenced to five to ten

years' incarceration on July 22, 1999; and criminal attempt homicide of a police officer and aggravated assault for which he was sentenced to six to twelve years' incarceration on April 25, 2000. The trial court also noted that Appellant had convictions beyond those that the Commonwealth used to invoke the provisions of 42 Pa.C.S.A. § 9714; three counts of aggravated assault and two counts of simple assault on November 15, 2000. The trial court noted that the criminal attempt homicide of the police officer began when Appellant brandished a firearm at a youth who had been setting off firecrackers. When the police arrived a foot chase ensued, and Appellant pointed a .357 revolver at the police officer. Upon his arrest, Appellant was found in possession of two firearms. The trial court noted that, on January 26, 2000, while incarcerated, Appellant assaulted a corrections officer while the officer was attempting to move another prisoner, and that three corrections officers were injured during that incident.

The trial court noted that several previous sentences of community supervision, as well as periods of incarceration had failed to modify or change Appellant's violent conduct. The trial court noted [Appellant's] profound and unabated history of violence and possession of firearms, as well has his disregard for the law, the safety of the police and members of the community. The trial court also took into account the victim impact statements.

The trial court noted that it had reviewed and considered the two letters submitted on behalf of the Appellant, Appellant's social history as outlined in the presentence report, and Appellant's allocution.

Thus[, the trial court] acknowledged and put into effect all sentencing factors articulated in Title 42 § 9721(b) (Sentencing generally, General standards) including, the impact of the crime on the community, the victims of these crimes, the safety and protection of the community; as well as Appellant's allocution and his potential for rehabilitation. As such, the trial court did not abuse its discretion when imposing the 20-40 years period of incarceration in this matter. *See generally Commonwealth v. Green*, 458 A.2d 951 (Pa. Super. 1983) (trial court has discretion whether to impose consecutive sentences for multiple offenses[).]

Trial Court Opinion, 8/28/19, at 16-19 (citations to notes of testimony, footnotes, and unnecessary capitalization omitted).

Upon review, we are not persuaded that the trial court relied upon Appellant's prior convictions as an aggravating factor in fashioning his sentence. Rather, as reproduced above, at the sentencing hearing and in its opinion, the trial court stated that it reviewed Appellant's prior convictions to determine the applicability of 42 Pa.C.S.A. § 9714 (providing mandatory minimum sentences for repeat violent offenders). **See** N.T., 6/26/18, at 19; Trial Court Opinion, 8/28/19, at 17. Thus, we cannot conclude that the court relied upon an impermissible factor. **See Scott**, 860 A.2d at 1030.

Further, "[w]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** Here, in addition to reading and referencing the PSI report, the trial court specifically addressed Appellant's social history, rehabilitative needs, letters submitted on his behalf, the impact of his crimes on his victims and the community, his statements prior to sentencing, and the applicability of Pennsylvania's statute mandating minimum sentences for repeat violent offenders.

Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated consecutive sentences for his burglary and robbery convictions. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). Thus, the record reflects that the trial court weighed the appropriate factors and properly fashioned an individualized sentence.

For the above reasons, we find no merit to Appellant's claims of error, and therefore affirm the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2020