J-S36013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        :            PENNSYLVANIA
                                               :
              v.                                  :
                                               :
                                               :
MICHAEL ERIC BUCHANAN           :
                                               :
                Appellant              :      No. 109 WDA 2022

Appeal from the Judgment of Sentence Entered December 16, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008295-2016

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:            **FILED: JANUARY 27, 2023**

Appellant, Michael Eric Buchanan, appeals from the judgment of sentence imposed on December 16, 2021 in the Court of Common Pleas of Allegheny County following revocation of his probation. Appellant contends that the trial court imposed an illegal sentence. Following review, we affirm.

The instant appeal is one of three unconsolidated appeals filed by Appellant after he was sentenced on three unrelated dockets. Those sentences were imposed at the conclusion of the December 16, 2021 hearing during which Appellant's probation was revoked on those three dockets as well as a fourth docket that is not the subject of an appeal. Prior to the revocation

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing, Appellant was sentenced in federal court to a term of 150 months' incarceration for a conviction stemming from two armed robberies.

The sentence imposed in the instant matter related to February 2017 convictions of robbery, simple assault, fleeing or attempting to elude a police officer, retail theft, resisting arrest, and driving under the influence. The sentence imposed initially called for 11½ months to 23 months in prison, followed by five years' probation.

As a consequence of the federal armed robbery charges, Appellant's probation was revoked. He does not challenge the revocation or the trial court's authority to impose a sentence of total confinement. Rather, he challenges the legality of the sentence imposed. With respect to the instant matter, that sentence called for not less than 11½ months nor more than 23 months in prison, to be served prior to Appellant's federal sentence.[1]

---

[1] This Court has recognized that:

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

**Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted). As noted, Appellant was convicted of armed robbery in federal court. Although the trial court addressed subsections (2) and (3) at the
*(Footnote Continued Next Page)*

To understand Appellant's argument regarding his sentence, it is necessary to mention the two other sentences imposed on December 16, 2021. One of those stemmed from Appellant's February 2017 convictions for retail theft and simple assault for which Appellant initially received a sentence of 11½ to 23 months in prison, followed by three years' probation. Upon revocation of Appellant's probation at the December 16, 2021 hearing, the trial court imposed a term of imprisonment of not less than six months nor more than 12 months in prison, consecutive to Appellant's federal sentence.[2]

The remaining sentence imposed on December 16, 2021, related to December 2018 convictions for endangering the welfare of children, recklessly endangering another person, and possession of a controlled substance. For those convictions, Appellant initially received a sentence of nine to 18 months in prison, followed by three years' probation. Upon revocation of Appellant's probation at the December 16, 2021 hearing, the trial court imposed a term of imprisonment of not less than five months nor more than ten months in prison, consecutive to the sentence imposed in the retail theft and simple case.[3]

---

revocation hearing, *see* N.T., 12/16/21, at 5-7, there is no question the court was authorized to sentence Appellant to total confinement under subsection (1).

[2] *See* No. 107 WDA 2022.

[3] *See* No. 108 WDA 2022.

Appellant filed a separate notice of appeal from each judgment of sentence.[4] In each appeal, Appellant asks this Court to consider the same question:

> Did the court below impose on Appellant Michael Eric Buchanan three illegal consecutive sentences of 11½-to-23 months of confinement, 6-to-12 months of confinement, and 5-to-10 months of confinement, with those three sentences being illegal because the court refused to comply with Pa.C.S. § 9757's aggregation requirement for all three (and is not the proper remedy for these illegal sentences being an order from this Court bringing them into compliance with § 9757 by ordering them aggregated into a single sentence of 22½-to-45 months of confinement)?

Appellant's Brief at 4.[5]

---

[4] Following the filing of the notice of appeal in the instant matter, we issued a rule to show cause why the appeal should not be stricken as untimely filed on Wednesday, January 19, 2022, when the last day to file was Tuesday, January 18, 2022 (in light of the Martin Luther King, Jr. Day holiday on Monday, January 17, 2022). Following Appellant's filing of a response, we discharged the rule but advised Appellant that the issue could be revisited by this panel. Having reviewed Appellant's response and explanation for the late filing, we are satisfied that Appellant did attempt to file the appeal on Friday, January 14, 2022, and the delay in filing can be attributed to a non-negligent breakdown in the courts. Therefore, we shall address Appellant's appeal. *See, e.g., Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002) (holding that this Court will address an otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted in an untimely appeal).

[5] Section 9757 (Consecutive sentences of total confinement for multiple offenses) provides, in its entirety:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S.A. § 9757.

- 4 -

We first consider whether Appellant preserved this issue for our review. In his brief, Appellant conceded that probation counsel did not assert an objection based on Section 9757 during the probation violation hearing, nor did counsel list a Section 9757 objection in his post-hearing motion. Appellant's Brief at 29-30. Rather, in both instances, counsel argued only that the sentences were unduly harsh. Subsequently, appellate counsel did not include the Section 9757 issue in the Rule 1925(b) statement filed with the trial court. *Id.* at 30.

In *Commonwealth v. Thorne*, 276 A.3d 1192 (Pa. 2022), our Supreme Court noted:

> Generally speaking, issues not properly raised and preserved before the trial court "are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a); *see also* [*Commonwealth v. Hill*, 238 A.3d 399, 407 (Pa. 2020)] (noting that issues not raised in lower court are waived and cannot thereafter be raised for first time on appeal); *Commonwealth v. Barnes*, 637 Pa. 493, 151 A.3d 121, 124 (2016) ("[A]n appellant waives any claim that is not properly raised in the first instance before the trial court and preserved at every stage of his appeal."). A challenge that implicates the legality of an appellant's sentence, however, is an exception to this issue preservation requirement. *See, e.g., Hill*, 238 A.3d at 407; *Barnes*, 151 A.3d at 124. "Stated succinctly, an appellate court can address an appellant's challenge to the legality of the sentence even if that issue was not preserved in the trial court; indeed, an appellate court may even raise and address such an issue *sua sponte*." *Hill*, 238 A.3d at 407.

*Id.* at 1196 (bracket omitted).

Appellant argues that his issue is not waived because he is challenging the legality of his sentence. The Commonwealth counters that Appellant has

waived his issue on appeal because his Section 9757 argument does not raise an issue of legality of sentence.

In **Commonwealth v. Starr**, 234 A.3d 755 (Pa. Super. 2020), *appeal denied*, 243 A.3d 724 (Pa. 2020), this Court reiterated that "in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." **Id.** at 759 (quoting **Commonwealth v. Kuykendall**, 2 A.3d 559, 563 (Pa. Super. 2010)). Further,

> [a]n appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." **Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. **Commonwealth v. Swope**, 123 A.3d 333, [337] (Pa. Super. 2015).

**Id.**

Appellant has not argued that he is appealing the discretionary aspects of his sentence. Rather, his appeal is based solely on legality of sentence. Therefore, unless he has presented a valid legality of sentence claim, he cannot be entitled to relief.

In **Commonwealth v. Prinkey**, 277 A.3d 554 (Pa. 2022), our Supreme Court recently reexamined the distinction between legality of sentence and discretionary aspects of sentence claims, albeit in the context of a claim for post-conviction relief. In **Prinkey**, the Court noted:

> Differentiation between the two types of sentencing claims has, at times, proved challenging for this Court. **See Commonwealth v. Spruill**, 622 Pa. 299, 80 A.3d 453, 460 (2013) ("This Court's experience with claims allegedly implicating sentencing legality has not always been smooth."). In a series of decisions over the past several years, however, we have made strides towards clarity with respect to the standards for assessing whether a challenge implicates the discretionary aspects of a sentence on the one hand or the legality of a sentence on the other.

**Id.** at 560.

After surveying various decisions from 2011 forward, the Court first indicated that its 2016 decision in **Barnes, supra**, was the Court's seminal decision on the distinction between legality and discretionary aspects challenges, and then proceeded to identify four broad categories that fall within **Barnes**' definition of an illegal sentencing challenge. **Id.** at 561-64. The Court explained:

> In each [category], the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue. If so, then the appellant's challenge implicates the legality of his sentence. Conversely, if the challenge is not to the existence of certain authority but to the exercise of that authority, then the challenge goes to the discretionary aspects of a sentence, not to its legality.

**Id.** at 563-64 (footnotes omitted).

Here, the trial court imposed a sentence of not less than 11½ nor more than 23 months in prison. There is no question that the court had the authority to impose a sentence of total confinement. **See** n. 1, **supra** (quoting 42 Pa.C.S.A. § 9771(c)). Appellant does not challenge the trial court's authority to impose that sentence. Rather, Appellant contends the trial court committed legal error when it "refused to aggregate [his] sentences as § 9757 requires." Appellant's Brief at 19. To the extent this suggests the court was asked to aggregate the sentences, no such request was made. The aggregation issue was first raised in this appeal.

In **Moss v. SCI-Mahanoy Superintendent**, 194 A.3d 1130 (Pa. Cmwlth. 2018), the Commonwealth Court discussed Section 9757, stating:

> Section 9757 of the Sentencing Code states that courts "shall indicate the minimum sentence to be served" for all offenses imposed. 42 Pa.C.S. § 9757 (emphasis added). Moss argues that the aforementioned language **requires** the sentencing judge to indicate the total minimum sentence to be served, and the sentencing judge's failure to do so renders the sentence void. **See** Moss Br. at 11-12.
>
> In **Gillespie v. Department of Corrections**, 106 Pa. Cmwlth. 500, 527 A.2d 1061 (1987), this Court examined Section 9757 of the Sentencing Code and explained:
>
>> Our reading of the statute and interpretive case law compels us to conclude that once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under [Section 9757 of the Sentencing Code].
>
>> In **Commonwealth v. Green**, 312 Pa. Super. 265, 458 A.2d 951 (1983), the Superior Court held that the 'plain meaning' rule of Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903, applied to [Section 9757 of

- 8 -

the Sentencing Code]. Section 9757 [of the Sentencing Code] provides that where consecutive sentences are imposed, the sentencing court '*shall* indicate the minimum sentence to be served for the *total* of *all* offenses.' The General Assembly's use of the terms 'shall,' 'total,' and 'all' as pertaining to the minimum term clearly state an intention that the prisoner serve the aggregate of *all* the minimum terms imposed under the various consecutive sentences. The term 'shall' rather than 'may' imports the mandatory, rather than discretionary, nature of the statute. While [**the sentencing judge**] **did not indicate a total minimum term at the time of sentencing, that failure is not a fatal flaw since, by operation of Section 9757** [**of the Sentencing Code**], we find that [**the prisoner's**] **consecutive sentences of five to ten years and three to six months by necessary implication provided for an aggregated sentence of five years, three months to ten years, six months.** The discretion of the sentencing judge is preserved in that the sentencing judge has the discretion to impose either consecutive or concurrent sentences.

*Gillespie*, 527 A.2d at 1065 (bold emphasis added; citations omitted).

In the instant matter, Moss' First Sentence imposed a term of 42 to 240 months of imprisonment. His Second Sentence imposed a term of 15 to 120 months in prison. As in *Gillespie*, although the sentencing judge

did not indicate a total minimum term at the time of sentencing, that failure is not a fatal flaw since, by operation of Section 9757 [of the Sentencing Code,] we find that [Moss'] consecutive sentences of [42 months to 240 months] and [15 months to 120 months] by necessary implication provided for an aggregated sentence of [57 months].

*Id.* at 1065. As explained in *Gillespie*, pursuant to Section 9757 of the Sentencing Code, the aggregation is automatic "once the sentencing court imposes a consecutive sentence[.]" *Gillespie*, 527 A.2d at 1065. The sentencing judge's failure to explicitly declare an aggregated minimum, where the General Assembly's intent was that "the prisoner serve the aggregate of all the

> minimum terms imposed under the various consecutive sentences[,]" is not legal error. **Gillespie**, 527 A.2d at 1065. Accordingly, Moss was not deprived of any liberty interest resulting from the sentencing court's failure to state an aggregated minimum sentence and his argument is without support.

**Id.** at 1140-41.[6]

As stated at the outset, the sentence imposed in the instant action was a term of imprisonment of not less than 11½ months and not more than 23 months. Had the trial court "indicate[d] the minimum sentence to be served for the total of all offenses" in accordance with Section 9757, the court would have indicated that the 11½-to-23-month sentence was aggregated with the first and second sentences of six to 12 months and five to ten months, respectively, for an aggregated sentence of 22½ to 45 months. That sentence complies with Section 9757's mandate that the minimum sentence shall not exceed half of the maximum. Therefore, the sentence imposed was not an illegal sentence. As the Commonwealth Court recognized in **Gillespie** and restated in **Moss**, aggregation is automatic and "the sentencing judge's failure to explicitly declare an aggregated minimum . . . is not legal error." **Moss**, 194 A.3d at 1041 (citing **Gillespie**, 527 A.2d at 1065). While Appellant claims the trial court entered an illegal order by failing to state the aggregated

---

[6] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." **Commonwealth v. Brown**, 240 A.3d 970, 973 n.3 (Pa. Super. 2020) (citation omitted).

minimum, his legality of sentence claim is a claim devoid of merit.  Appellant is not entitled to relief.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/27/2023

---

[7] Moreover, as the Commonwealth notes, cases examining Section 9757, *e.g., **Moss*** and ***Gillespie***, ***supra***, suggest that a trial court's failure to aggregate a defendant's sentences does not render the sentence illegal "because it is not the trial court's ultimate responsibility to aggregate and implement [Appellant's] sentences.  Instead, it appears from these cases that the custodian of the defendant ensures for the proper aggregation and computation of all the defendant's sentences under Section 9757." Commonwealth Brief at 33.