417 A.2d 701

**COMMONWEALTH of Pennsylvania**

v.

**Gerald MAYO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Jan. 4, 1980.

384

Lester G. Nauhaus, Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This appeal arises from an order dismissing, without hearing, the Post Conviction Hearing Act Petition of Gerald Mayo. Mayo was convicted by a jury of four counts of assault by prisoner, one count of aggravated assault, and one count of participating in a riot. Post trial motions were denied, and, on April 6, 1975, appellant was sentenced on three separate counts to consecutive terms of not less than five nor more than ten years in prison. On other counts, sentence was either suspended or terms of imprisonment were ordered to run concurrently. This Court affirmed per curiam on May 6, 1974.[1]

On November 10, 1976, appellant filed a P.C.H.A. petition in which he alleged (1) that consecutive sentences on separate counts of the same indictment were illegal, and (2) that evidence in the form of films had been improperly suppressed. It is alleged that the films, if the same had been received by the jury, would have altered the outcome of the case. Counsel was appointed, and a rule was issued upon the Commonwealth to show cause why a hearing should not be held. On April 5, 1977, the P.C.H.A. petition was dismissed without a hearing, and this appeal followed.

Appellant's first contention is patently frivolous. He was convicted of separate assaults. The mere fact that they occurred in close proximity to each other or that they were averred in separate counts of the same indictment did not preclude the imposition of consecutive sentences. See, generally: *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973); Pa.R.Crim.P. Rule 219. Because this issue was frivolous, the trial court properly rejected it without a hearing. *Commonwealth v. Porter*, 256 Pa.Super. 163, 389 A.2d 651 (1978).

1. *Commonwealth v. Bates*, 228 Pa.Super. 855, 322 A.2d 701 (1974).

■ The second issue requires a hearing. The trial court dismissed the petition because there were no extraordinary circumstances which had prevented appellant from raising the issue on direct appeal. Our reading of the petition, however, discloses an averment, inartfully phrased, that the issue had been called to the attention of appellant's counsel, who failed to raise it. If the issue can be shown to have merit and counsel can be shown to be ineffective for failing to raise it, appellant would not be precluded from pursuing it merely because it was not raised on direct appeal. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). It may be that ultimately appellant's contention will appear devoid of merit. The opportunity to develop the same at a hearing, however, must be granted.

Reversed and remanded for an evidentiary hearing in accordance with the foregoing opinion. Counsel not associated with the public defender's office shall be appointed to represent appellant unless appellant desires to retain present counsel. See: *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Roach*, 268 Pa.Super. 340, 408 A.2d 495 (1979).