418 A.2d 706

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel HARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Feb. 22, 1980.

John W. Packel, Assistant Public Defender, Chief Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that trial counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his conviction. We remand to allow for appointment of new counsel.

On November 6, 1978, after a non–jury trial, appellant was found guilty of unauthorized use of an automobile.[1] Following denial of appellant's post–verdict motions, the lower court sentenced appellant to a prison term of 11½ to 23 months. This appeal followed.

Appellant contends that trial counsel was ineffective for failing to challenge in post–verdict motions the sufficiency of the evidence supporting his conviction. We note, however, that both trial counsel and present counsel were members of the Defender Association of Philadelphia at the time of their representation of appellant.

When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Fox*, 476 Pa. 475,

1. 18 Pa.C.S.A. § 3928.

383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 430, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. [395], 398, 374 A.2d [1272], 1273 (1977). In such circumstances, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 200.

*Commonwealth v. Patrick*, 477 Pa. 284, 286–87, 383 A.2d 935, 936 (1978). Accordingly, we remand to the trial court for appointment of new counsel not a member of the Defender Association of Philadelphia to represent appellant on the issue of ineffectiveness of trial counsel and any other issue properly preserved for appellate review.[2]

Remanded for proceedings consistent with this opinion.

---

**2.** Of course, should appellant desire to retain current appellate counsel, he must be permitted to do so. " 'But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent. . . .' *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58, 60 (1978)." *Commonwealth v. Roach*, 268 Pa.Super. 340, 341–342, 408 A.2d 495, 496 (1979). *See also Commonwealth v. Mayo*, 273 Pa.Super. 383, 417 A.2d 701 (1980).