426 A.2d 145

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth QUARLES, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1980.

Filed Feb. 20, 1981.

Paul Messing, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

PER CURIAM:

 On September 7, 1979, a court sitting without a jury convicted appellant of aggravated assault, recklessly endangering another person, and two counts of possession of an instrument of crime. After denying post-verdict motions, the court imposed sentence, and appellant took this appeal. Appellant contends, *inter alia*, that counsel below was ineffective for failing to challenge in post-verdict motions alleged deficiencies in the colloquy in which he waived his right to a jury trial. We note, however, that both counsel below and present counsel were members of the Defender Association of Philadelphia at the time of their representation of appellant.

> When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 430, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 398, 374 A.2d 1273 (1977). In such circumstances, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 200.

*Commonwealth v. Patrick*, 477 Pa. 284, 286–87, 383 A.2d 935, 936 (1978). *See also Commonwealth v. Harrison*, 275 Pa.Super. 249, 418 A.2d 706 (1980). Accordingly, we remand to the lower court for appointment of new counsel not a member of the Defender Association of Philadelphia to represent appellant on the issue of ineffectiveness of counsel below and any other issue properly preserved for appellate review.**

Remanded for proceedings consistent with this opinion.

---

** Of course, should appellant desire to retain current appellate counsel, he must be permitted to do so. "But before an appellate decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with [an attorney associated with] counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure

that his decision is knowing and intelligent . . . . " *Commonwealth v. Gardner*, 480 Pa. 7, 11, 389 A.2d 58, 60 (1978). *See also Commonwealth v. Jellots*, 277 Pa.Super. 358, 363, n.*, 419 A.2d 1184, 1186 n.* (1980); *Commonwealth v. Harrison, supra*, 275 Pa.Super. at 251 n.2, 418 A.2d at 707 n.2.