434 A.2d 831

**COMMONWEALTH of Pennsylvania,**

v.

**Jimmy Lee TOWNS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Sept. 18, 1981.

Donald R. Calaiaro, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

On August 29, 1979, after a non-jury trial, appellant was convicted of simple assault and unlawful restraint. Following the denial of post-verdict motions and imposition of sentence, appellant took this appeal in which he challenges the effectiveness of his trial counsel. For the reasons which follow, we vacate the judgment of sentence and remand for proceedings consistent with this opinion.

Appellant contends that his trial counsel was ineffective for failing to call at trial a particular witness who would have corroborated his version of the incident which resulted in the above-mentioned charges. We note, however, that appellant's trial counsel and his present counsel are both from the office of the Public Defender of Allegheny County.

When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office

which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. [429], 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 398, 374 A.2d [1272] 1273 (1977). In such circumstances, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 200.

*Commonwealth v. Patrick*, 477 Pa. 284, 286–87, 383 A.2d 935, 936 (1978). *See also Commonwealth v. Quarles*, 11 Pa.Super. 473, 426 A.2d 145 (1981); *Commonwealth v. Harrison*, 275 Pa.Super. 249, 418 A.2d 706 (1980). While an appellate court "will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before [it], [it] will not reject such a claim without a remand for appointment of new counsel." *Commonwealth v. Fox*, 476 Pa. 475, 479, 383 A.2d 199, 201 (1978). Here, as in *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), the present record does not show that trial counsel had been ineffective for failing to call the witness. Consequently, we must remand this case for appointment of new counsel and an evidentiary hearing on the issue of trial counsel's alleged ineffectiveness. *Cf. Commonwealth v. Stiefel*, 286 Pa.Super. 259, 428 A.2d 981 (1981) (where record clearly showed counsel's ineffectiveness for failing to call a particular witness, appropriate relief was granted without remand for appointment of new counsel). If, following the hearing, the court determines that appellant was denied effective assistance of counsel, it shall enter an order granting appropriate relief. If, however, the court determines that counsel was not ineffective, then it shall reinstate the judgment of sentence. Either party aggrieved by the court's ultimate decision may take a new appeal to this Court, as allowed by law. On that appeal, the parties may present any issue properly preserved for appellate

review. *Commonwealth v. Twiggs, supra; Commonwealth v. Quarles, supra; Commonwealth v. Harrison, supra.*[*]

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

Shortly after 2:00 A.M. on June 1, 1979, Priscilla Nevels hired a "jitney" to take her from the Uptown section of Pittsburgh to her home in the nearby Hill District section. Appellant Jimmy Lee Towns asked to share the jitney, since the car would be passing close to his residence. The car proceeded to appellant's address, where appellant got out and stated that he would go inside to get money for the fare. At the driver's request, Ms. Nevels went into the building to get the fare from appellant, and found him pounding on the door of a first-floor apartment, where appellant's landlady apparently lived. Ms. Nevels reported back to the driver that appellant was attempting to wake someone in order to get the money, then she once again entered the building. Appellant closed and locked the door behind her, and asked her to come upstairs to his apartment while he got the money. An altercation then took place, which caused someone to call the police.

The police arrived and heard the woman hollering, and also heard a male voice saying, "I'm going to kill you bitch." The police were unable to kick in the heavy wooden door; however, another resident of the building eventually opened a rear door to let them in. Pittsburgh Police Officer David E. Black entered to find appellant jabbing at Ms. Nevels with a steak knife, and the woman fending him off with a telephone stand or end table. Ms. Nevels sustained two minor cuts during the scuffle. The police forceably removed

---

[*] Should appellant desire to retain current counsel, he must, of course, be permitted to do so. Accordingly, we also direct the court to inform appellant of the facts necessary to ensure that his choice is a knowing and intelligent one. *See Commonwealth v. Quarles, supra; Commonwealth v. Harrison, supra.*

the knife from appellant's hand, and arrested him. Appellant was charged with aggravated assault, unlawful restraint, and recklessly endangering another person. The later charge was nolle prossed, and aggravated assault was reduced to simple assault prior to trial.

Trial was held, non-jury, on August 29, 1979, and appellant was found guilty of simple assault and unlawful restraint. On September 11, 1979, sentence of eight to sixteen months imprisonment was imposed. Post-trial motions were filed and denied, and direct appeal was taken to our court. Appellant's sole argument on appeal is that his trial counsel was ineffective for failing to call as a witness the driver of the jitney. The majority, finds that since appellant counsel and trial counsel are both from the Public Defender's Office, the judgment of sentence must be vacated and the case remanded. I respectfully disagree.

This current appeal is clearer than the situation that existed in *Commonwealth v. Stiefel*, 286 Pa.Super. 259, 428 A.2d 981 (1981). In *Stiefel*, it was contended that counsel was ineffective in not subpoenaing certain witnesses. The majority finding that no reasonable basis could have existed for failing to produce such witnesses, awarded Stiefel a new trial. In a Dissenting Opinion, I argued that the matter to which the missing witnesses would have testified was collateral to the issues at trial, and therefore appellant was not entitled to relief. I believe such a conclusion is even more appropriate in the current case.

The law does not require trial counsel to call to the witness stand a witness mentioned by a criminal defendant if there is a reasonable basis for the attorney to believe that the witness will not be helpful to the defense of the client. *Commonwealth v. Robinson*, 232 Pa.Super. 328, 332, 334 A.2d 687, 689 (1975). In the case before us, appellant merely argues that the driver could have testified that the victim entered the apartment building for the purpose of engaging in sexual relations with appellant, and not (as the victim testified) to collect the jitney fare. It is difficult to see how such testimony would have aided appellant's defense to

charges of assault and unlawful restraint. Even if the victim entered the building with appellant voluntarily, she had the right to leave whenever she chose to do so. The victim testified that appellant locked the door, and that she was unable to open it without a key. Officer Black testified that he found the door locked, and that it could only be opened, even from the inside, with a key. Clearly, the victim's purpose in entering the building was collateral to the issue of whether appellant was guilty of unlawful restraint and assault. I would find that appellant has failed to carry his burden of demonstrating counsel's incompetence. *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973).

As I can find no arguable merit to appellant's contention of ineffectiveness, I find no reason to remand for the appointment of new appellate counsel. I respectfully dissent and would affirm the judgment of sentence.