458 A.2d 951

**COMMONWEALTH of Pennsylvania**

**v.**

**Larry GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1982.

Filed March 25, 1983.

Gilbert E. Toll, Philadelphia, for appellant.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

McEWEN, Judge:

We here review an appeal brought by appellant from a judgment of sentence to a term of imprisonment of from eighteen to thirty-six years, imposed after he entered a guilty plea to five charges of robbery, three charges of conspiracy, one charge of unlawful restraint, two charges of assault and one charge of possession of instruments of crime. Appellant contends: (1) that the sentence imposed was illegal; (2) that the sentence imposed was an abuse of discretion; and (3) that the sentencing judge erred by failing to conduct a hearing upon the motion of appellant to withdraw his plea of guilty. We find no merit to these contentions and, accordingly, we affirm.

Appellant, in the company of two other men and a woman, traveled from Washington, D.C. to a house in Philadelphia where a craps game was being held. Appellant and the two other men each used a gun to threaten six participants in the craps game while proceeding to strike three of the players and rob four of them. Appellant and one of the other robbers, while in flight from the craps game, robbed at gunpoint another individual of the sum of $275.00. When police pursuit began, appellant and his accomplice, with threats and pointed gun, forced their way into the car of another individual. Defendant was subsequently apprehended after further chase during which he pointed his gun at pursuing policemen.

The distinguished Philadelphia County Common Pleas Court Judge Judith J. Jamison sentenced appellant to serve a term of imprisonment of from ten to twenty years on one

of the bills that charged robbery of a participant in the craps game and to serve a consecutive term of imprisonment of from ten to twenty years upon the bill that charged robbery during the flight and escape. This latter sentence was subsequently, in response to an application by defendant for reconsideration of sentence, reduced to a term of from eight to sixteen years. The sentences imposed on other bills were either suspended or made concurrent and the total term of imprisonment of from eighteen to thirty-six years was to run concurrently with a federal sentence confronting appellant.

■ Appellant initially argues that the sentence was illegal and in support thereof he relies on the following statute:

§ 9757. Consecutive sentences of total confinement for multiple offenses.

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

■ It is the contention of appellant that this statute directs that his aggregate minimum sentence should not exceed one-half of the longest maximum sentence on any one count and he concludes that the correct sentence should have been ten to thirty-six years. We reject this contention. We are compelled to apply the "plain meaning" rule to this statute. *See* 1 Pa.C.S. § 1903; *Commonwealth v. Mumma,* 489 Pa. 547, 552, 414 A.2d 1026, 1029 (1980). The plain meaning of the statute is that the aggregate minimum sentence must not exceed one-half of the aggregate maximum sentence. *See Blackwell v. Commonwealth,* 36 Pa.

Commw. 31, 387 A.2d 506 (1978). It is difficult to understand how any other meaning could be proposed.[1]

The next challenge to the sentence is the contention that the sentencing judge failed to indicate the minimum sentence to be imposed for the total of all offenses. This observation is clearly incorrect. When Judge Jamison imposed the sentence on February 4, 1981, she specifically stated that the sentence was a minimum of twenty to forty years, (N.T. 2/4/81 at 20) and, in fact, appellant himself stated that the sentence was twenty to forty years (N.T. 2/4/81 at 26). The judge once again repeated the aggregate minimum and aggregate maximum on February 26, 1981, at the conclusion of the hearing upon the petition of appellant for reconsideration of sentence (N.T. 2/26/81 at 11). There simply is no basis for this assertion.

■ We next address the contention of appellant that it was error for the sentencing court to impose consecutive sentences for two robberies. Appellant bases this contention on his conclusion that there was only one robbery committed by appellant. It seems, however, that this is a misstatement since the record makes clear that the consecutive sentence was for a separate and distinct act of robbery by appellant during his flight with an accomplice from the earlier robberies. (N.T. 11/10/89 at 44–45; N.T. 2/4/81 at 20). The mere fact that the two robberies occurred in close proximity to each other did not preclude the imposition of consecutive sentences. *Commonwealth v. Mayo*, 273 Pa. Super. 383, 385, 417 A.2d 701, 702 (1980).

■ Ancillary to the thrust of the preceding argument is the contention of appellant that consecutive sentences should not be imposed on a defendant for two or more crimes. In support of this theory, appellant urges this court to adopt provisions of the Model Penal Code of the American Law Institute and provisions of the 1968 Approved Draft of the American Bar Association Standards

1. Since the pertinent statute was enacted into law and is clear in expression and obvious in meaning, it would serve no purpose to review the claims of appellant that are based upon alternate proposals for legislation that have not been enacted.

for Sentencing Alternatives and Procedures in place of the following Pennsylvania statute which authorizes consecutive sentences:

§ 9721. Sentencing generally

(a) General Rule.—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

"The unambiguous language of [this section] empowers a sentencing court to fashion a sentence which includes one or more of five alternative punishments and permits these punishments to be imposed consecutively or concurrently." *Commonwealth v. Pierce*, 497 Pa. 437, 440, 441 A.2d 1218, 1219 (1982). (footnote omitted). Where the relevant statute is so clear, and where the sentencing judge complied with the statute, it is vacuous to argue that the sentencing judge abused her discretion when she followed the Pennsylvania statute instead of alternate proposals for legislation.

An examination of the record reveals that the sentencing judge secured all of the pertinent information and reports, that she studied all of these materials, that there was full discussion among all concerned parties at each of the hearings and that the reasons for the sentences imposed are clear. We cannot accept the contention that the sentencing judge abused her discretion. *See Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Edrington*, 490 Pa. 251, 416 A.2d 455 (1980); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wiggins*, 274 Pa.Super. 617, 418 A.2d 577 (1980); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978).

■ Appellant next contends that the Common Pleas Court was obliged to conduct a hearing upon his application to withdraw his guilty plea. We disagree. The record reveals that appellant entered a guilty plea to various charges on November 10, 1980 and was sentenced on February 4, 1981. Appellant thereafter filed a motion for reconsideration of sentence and on February 26, 1981, a hearing was held and the sentence was reduced. The appeal to this court from the judgment of sentence was filed on March 3, 1981.

When appellant was sentenced on February 4, 1981, the court advised him, *inter alia*, of (1) his right to seek a reconsideration of sentence, (2) his right to seek to withdraw his guilty plea and (3) if he sought such relief from the Common Pleas Court but was unsuccessful, of his right to seek appellate relief. Appellant exercised his right to have the sentence reconsidered and, as a result, the court reduced the sentence twenty-two days after the original sentence had been imposed; but appellant failed to initiate any procedure to withdraw his guilty plea at the time that he exercised his right for sentence reconsideration, failed to engage in such an effort between the time that he sought reconsideration of sentence and the time that sentence was reduced and failed to undertake such an effort prior to the time that he lodged his appeal with this court on March 3, 1980.

The record reflects that on May 6, 1981, more than three months after sentence was imposed and appellant was advised of his appellate rights, and two months after appellant initiated his appeal to the Superior Court, the sentencing judge conducted a hearing to further advise appellant of his appeal rights. A pro se motion to withdraw the guilty plea was filed on May 13, 1981,[2] but the hearing judge properly ruled that she was without jurisdiction to conduct a hearing on the motion since sole jurisdiction was in the

2. Although at a June 17, 1981 hearing the judge refers to a pro se motion of May 13, 1981 which challenged the guilty plea, there is no evidence of such a motion in the record now before us.

Superior Court by reason of the appeal that had been undertaken to this court.[3] *See* Pa.R.A.P., Rule 1701, 42 Pa.C.S.A.; *Commonwealth v. Corson,* 298 Pa.Super. 51, 444 A.2d 170 (1982). The conscientious effort of the sentencing judge to scrupulously safeguard the rights of appellant cannot be considered as creating in appellant a substantive right to have the Common Pleas Court consider so tardy an application to withdraw a guilty plea.

It is apparent that appellant took his appeal to this court without first challenging the validity of the guilty plea in the Common Pleas Court. Pennsylvania Rule of Criminal Procedure 321, 42 Pa.C.S.A.[4] prescribes the proper procedure for challenging a guilty plea and mandates that a petition to challenge the guilty plea be filed with the trial court within ten days after sentencing. Thus, generally, the failure to so challenge the plea constitutes a waiver of the right to challenge the plea on direct appeal. In a case where a defendant has not first challenged the validity of the plea in the trial court, however, "we have refused to impose a waiver where it has not been shown *on the record* that the defendant was aware of the consequences of not filing post-verdict motions." *Commonwealth v. Reed,* 488 Pa. 221, 224, 412 A.2d 477, 479 (1980) (emphasis in original). "[A] defendant cannot effectively waive his right to assail the validity of his guilty plea on direct appeal unless the record demonstrates that he knowingly and intelligently waived such right. In particular, the record must affirma-

---

**3.** At the June 17, 1981 hearing appellant was represented by counsel who had been appointed as appellate counsel.

**4.** Rule 321. Challenge to Guilty Plea

(a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

(b) The motion shall be disposed of promptly.

(c) The trial court may schedule a hearing on the motion and shall determine whether the motion shall be argued before one judge alone or before a panel of judges sitting as a court en banc. Whenever a single judge hears the motion alone, the judge may make any ruling that could be made by a court en banc.

tively establish that the defendant had been advised of his right to file a petition to withdraw his plea and the consequences of his failure to do so." *Commonwealth v. Crawford,* 285 Pa.Super. 169, 185, 427 A.2d 166, 174 (1981).

We conclude (1) that appellant was aware both of his right to file a petition to withdraw his guilty plea and of the consequences of a failure to do so and (2) that he waived this right to challenge his guilty plea. The sentencing judge at the time of the imposition of sentence supplied to appellant the advice required by Rule 1405(c).[5] It is true that the record reflects that while the sentencing court did advise appellant of the right to challenge the guilty plea and his right to appeal to this court, the court failed to state that a guilty plea challenge had to be initiated within ten days. Nonetheless, it was certainly made clear that in order to challenge the guilty plea on appeal, appellant had to first file a motion in the Common Pleas Court to challenge the validity of the guilty plea. We conclude that appellant was not misled by the failure of the sentencing judge to specify the ten day limitation upon any effort to withdraw the guilty plea for the reasons that (1) appellant full well realized that such an effort had to at least be undertaken prior to the time that he engaged in the appeal to this court and (2) appellant made no such effort to withdraw the plea until May 13, 1980, some ninety-nine days after sentence had been imposed and more than two months after the appeal to this court was taken. Thus, appellant

**5.** Pennsylvania Rule of Criminal Procedure 1405(c), 42 Pa.C.S.A., provides, in pertinent part, that at the time of sentencing, the judge should advise the defendant on the record of the following:

(1) of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel;

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

(3) of the ten (10) day time limit within which such motions must be filed;

(4) that the defendant is entitled to be represented by counsel in preparing and litigating such motions; and

(5) that only claims raised in this court may be raised on appeal.

has waived his right to challenge the validity of his plea on direct appeal.[6]

While the posture of this appeal does not enable us to address the issue of whether appellant should be permitted to withdraw his guilty plea, we have, of course, undertaken a quite thorough study of the entire record so as to enable careful consideration of the assertions of appellant and it seems appropriate to observe that our study of this case does not reveal any basis upon which appellant should be permitted to withdraw his plea. *See Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). The law of this Commonwealth is clear that:

> When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing*, however, it is well-established that 'a showing of prejudice on the order of manifest injustice,' *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), is required before withdrawal is properly justified. *See also, Commonwealth v. May*, 485 Pa. 371, 402 A.2d 1008 (1979); *Commonwealth v. Rosmon*, 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Riggins*, 474 Pa. 507, 378 A.2d 1229 (1977); American Bar Association Standards for Criminal Justice, Pleas of Guilty, Standard 14–2.1 (2d Ed.1980). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence-testing device. *Commonwealth v. Starr*, 450 Pa. at 489, 301 A.2d at 594 (1973). If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

*Id.*, 498 Pa. at 346, 446 A.2d at 593.

It remains for the appellant to pursue Post Conviction Hearing Act proceedings for a determination of his claim

---

6. It is to be noted that appellant proceeded in timely fashion to seek a reduction in sentence even though the sentencing judge did not specify the existence of a similar ten day limitation upon that effort.

that his guilty plea was invalid by reason of the ineffectiveness of his counsel. Counsel for appellant acknowledged as much when he noted during the discussion with the court on June 17, 1981, that any proceeding upon the motion of appellant to withdraw his guilty plea was "in effect an early PCHA hearing."

Judgment of sentence affirmed.