J-S54002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ARMANDO LOPEZ | : | |
| | : | |
| Appellant | : | No. 663 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 30, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001533-2017

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                        **FILED MARCH 17, 2021**

Appellant Jose Armando Lopez appeals from the judgment of sentence following a jury trial and guilty verdict to endangering the welfare of children, two counts of simple assault, and two counts of recklessly endangering another person.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion.  *See* Trial Ct. Op., 6/10/20, at 1-3.  The trial court imposed the following five sentences consecutively: (1) an aggravated-range sentence of twenty-seven to sixty months' imprisonment for endangering the welfare of a child; (2) a top of the standard range sentence of twelve to twenty-four

_____

[1] 18 Pa.C.S. §§ 4304(a)(1), 2701(a), and 2705, respectively.

months' imprisonment for one count of simple assault and six to twenty-four months' imprisonment for the other count of simple assault; and (3) an aggravated-range sentence of nine to twenty-four months' imprisonment for each of the two counts of reckless endangerment. Trial Ct. Op., 4/3/20, at 5.

Appellant timely filed a post-sentence motion on November 6, 2019, and an amended post-sentence motion on March 13, 2020, which also incorporated the prior motion.[2] In relevant part, Appellant challenged his sentences as unduly harsh and argued that the trial court improperly weighed the intent of his actions. Post-Sentence Mot., 11/6/19, at 2 (unpaginated). On April 3, 2020, the trial court denied Appellant's amended post-sentence motion.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises one issue: "Did the trial court err by denying [Appellant's] post-sentence motion for a modification of sentence?" Appellant's Brief at 6 (formatting altered). Appellant contends the trial court "failed to consider the gravity of the offenses in light of the impact on the victim" and "inferred an undue amount of intent" in his actions. *Id.* at 14. In Appellant's view, the trial court considered only "the perceived intent or

_____

[2] Meanwhile, Appellant filed, and the trial court granted, a timely motion for extension of time to file an amended post-sentence motion. Order, 3/4/20, at 1.

recklessness of" his actions, and not the other 42 Pa.C.S. § 9721(b) factors, including the impact on the victim. *Id.* Appellant asserts that his sentence "contradicts the norms which underlie the sentencing process." *Id.*

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (some citations omitted). We have explained that "[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted).

Here, Appellant did not include a Rule 2119(f) statement in his brief, and the Commonwealth objected in its brief. *See* Commonwealth's Brief at

- 3 -

12. Therefore, we hold that Appellant waived his sentencing issue.[3] **See Karns**, 50 A.3d at 166. For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2021

_____

[3] In any event, we would not have held Appellant was entitled to relief. Appellant timely appealed. **See Tukhi**, 149 A.3d at 888. Appellant did not preserve in his post-sentence motion his claim that the trial court "failed to consider the gravity of the offenses in light of the impact on the victim." **See** Appellant's Brief at 14. Appellant, however, properly preserved his claim that the trial court erred by overemphasizing his intent, and by inference, did not consider the other Section 9721(b) factors. **See id.** Such a claim presents a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013). After careful review, however, we agree with the trial court and would hold that Appellant's preserved claim lacks merit. **See Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008).

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| | : | |
| v. | : | No. 1770-2016 |
| | : | No. 1533-2017 |
| | : | |
| Jose A. Lopez, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## OPINION

Before the Court is the Optional Post-Sentence Motion Pursuant to Pa.R.Crim.P. 720(B) filed by Defendant after sentence imposed on October 30, 2019. For the reasons that follow, Defendant's Post-Sentence Motion will be denied.

## PROCEDURAL HISTORY

After trial by jury September 11, 2019, through September 13, 2019, Defendant was convicted of one count of Endangering the Welfare of Children,[1] two counts of Simple Assault,[2] and two counts of Recklessly Endangering Another Person.[3] Defendant was acquitted of Criminal Attempt-Criminal Homicide,[4] two counts of Aggravated Assault,[5] and one count of Simple Assault.[6] On October 30, 2019, we sentenced Defendant to an aggregate term of 63 to 156 months' incarceration in a state correctional facility.

On November 6, 2019, through trial counsel, Defendant filed Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B), including a Motion to Modify Sentence. Also on November 6, 2019, the Court received a *pro se* filing from Defendant alleging ineffective

---

[1] 18 Pa.C.S. §4304(a).
[2] 18 Pa.C.S. §2701(a)(2); 18 Pa.C.S. §2702(a)(3).
[3] 18 Pa.C.S. §2705.
[4] 18 Pa.C.S. §901 to 18 Pa.C.S. §2501(a).
[5] 18 Pa.C.S. §2702(a)(1); 18 Pa.C.S. §2702(a)(4).
[6] 18 Pa.C.S. §2701(a)(1).

1

assistance of counsel and asking the Court to conduct a hearing to determine whether Defendant knowingly and intelligently waives his right to appellate counsel; in the alternative, Defendant asked that we appoint new counsel. In light of the simultaneous counsel-assisted filing, we entered an order on November 7, 2019, advising Defendant that the *pro se* filing created prohibited hybrid representation and thus would not be acted upon by the Court. By Order of Court filed November 8, 2019, we directed the Commonwealth to file a written answer to Defendant's Post-Sentence Motions and further ordered both the Commonwealth and Defendant to submit written argument in support of their respective positions within thirty days of the date of the Order. The Commonwealth submitted its Answer on November 15, 2019.

On November 14, 2019, the Court received another *pro se* filing from Defendant, again requesting withdrawal of trial counsel. On November 15, 2019, Defendant filed yet another *pro se* correspondence, titled "Post Sentence Motion," appearing to raise issues regarding his probation revocation, the length of his sentence, the legality of his sentence, ineffective assistance of counsel, his speedy trial right, the weight of the evidence, and other constitutional violations. On November 18, 2019, Defendant filed a *pro se* "Pa.R.A.P. 1925 Opinion in Support of Order 'Brief/Statement,'" appearing to request appellate relief. On November 18, we entered an Order of Court again advising Defendant of the prohibition against hybrid representation; we also acknowledged Defendant's requests for termination of representation by trial counsel and scheduled a hearing to address the matter, along with his various *pro se* filings.

After hearing on November 22, 2019, we terminated the Franklin County Public Defender's Office's representation of Defendant and directed Court Administration to appoint new counsel. We also directed new counsel to review each of the *pro se* filings and determine if Defendant's November 6, 2019, Post-Sentence Motions should be amended to include additional

2

meritorious claims. We directed new counsel to comply with the November 8, 2019, Order of Court setting the date by which both parties were to submit written argument.

On December 10, 2019, Attorney Erich Hawbaker, was appointed to represent Defendant. Due to outstanding requests for transcripts, on March 2, 2020, Attorney Hawbaker filed a Motion to Extend Time, seeking an extension of the deadline by which to file an amendment, as well as a 30-day extension of the time for deciding a post-sentence motion under Pa.R.Crim.P. 720(B)(3). We granted both requests. Defendant submitted an Amended Post-Sentence Motion on March 13, 2020, indicating an intention to pursue only the claims raised in the original Post-Sentence Motion.

This matter is now ready for resolution.

## DISCUSSION

In his Post-Sentence Motion, Defendant raises the following issues:

1. His sentences were unduly harsh, both because they were in the aggravated range, or top of the standard range, and because they ran consecutively;

2. The Court inferred an improper intent behind Defendant's actions when sentencing him;

3. The two counts of Simple Assault should have merged for sentencing purposes; and

4. The sentences for all charges under one docket number should have run concurrently.

### I.    Whether Sentence was Unduly Harsh

In his Post-Sentence Motion, Defendant claims "his sentences were unduly harsh, specifically because the sentences were both in the aggravated range and at the top of the standard range and because all of the sentences ran consecutively." Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B), November 6, 2019, at ¶II.1. In its Answer, the

3

Commonwealth disagreed, stating, "This Honorable Court has discretion to sentence the Defendant in the aggravated range and at the top of the standard range. Furthermore, this Honorable Court may run all sentences consecutively." Commonwealth's Answer to Post-Sentence Motions, November 15, 2019, at ¶II.1. We agree with the Commonwealth and find Defendant is not entitled to a modification of sentence on this basis.

Sentencing is vested in the sound discretion of the sentencing court. Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa. Super. 2014). In determining the appropriate sentence, the sentencing court "is required to consider the particular circumstances of the offense and the character of the defendant." Id. (internal quotations omitted) (quoting Commonwealth v. McClendon, 589 A.2d 706 (Pa. Super. 1991) (en banc)). The law is clear, "the sentencing court must consider the factors set out in 42 Pa.C.S.A. §9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. [A]nd, of course, the court must consider the sentencing guidelines." Commonwealth v. Fullin, 892 A.2d 843, 847–48 (Pa. Super. 2006) (internal quotations and citation omitted).

"The sentencing court is permitted to deviate from the sentencing guidelines; however, the court must place on the record its reasons for the deviation." Commonwealth v. Wagner, 702 A.2d 1084, 1086 (Pa. Super. 1997)(citing 42 Pa.C.S. §9721(b)). "This statement of reasons must make it clear that the judge gave weight to the sentencing guideline statutes in making [her] determination." Commonwealth v. Bedleyoung, 466 A.2d 180, 184 (Pa. Super. 1983) (citing Commonwealth v. Kostka, 379 A.2d 884, 887 (Pa. 1977)). Moreover, "when a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." Commonwealth v. Mouzon, 812 A.2d 617, 624–25 (Pa. 2002) (internal quotations omitted).

4

The sentences here were not manifestly excessive. With respect to Count 4--Endangering the Welfare of Children--we sentenced Defendant to a term of 27 to 60 months' incarceration at a state correctional facility, with credit for 833 days previously served. The standard range for this offense is 13 to 24 months, the aggravated range is 27 months, and the statutory maximum is 60 months. We further sentenced Defendant to 12 to 24 months' incarceration on Count 7--Simple Assault-- a sentence at the top of the standard range, to run consecutively to the sentence in Count 4;[7] 6 to 24 months' incarceration on Count 6—Simple Assault—to run consecutively to the sentence on Count 7;[8] 9 to 24 months' incarceration on Count 8—Reckless Endangerment—an aggravated range sentence, to run consecutively to the sentence on Count 6;[9] and 9 to 24 months' incarceration on Count 9—Reckless Endangerment—a sentence in the aggravated range, to run consecutively to the sentence in Count 8.[10]

We did not abuse our discretion in imposing sentence. First, the sentences imposed on all counts were within the statutory ranges. Second, "[t]he transcript of the sentencing hearing makes it clear that [this Court] considered all necessary sentencing factors, the sentencing guidelines, [Defendant's] character and rehabilitative needs, as well as the seriousness of the offenses and their impact on the community." See Commonwealth v. Dotter, 589 A.2d 726, 731 (Pa. Super. 1991). We reviewed the Pre-Sentence Investigation (PSI) report and the Commonwealth's Sentencing Memorandum prior to sentencing, and we heard and considered argument from both parties at the sentencing hearing itself. See Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011)(citing Commonwealth v. Tirado, 870 A.2d 362, 368 (Pa. Super.

---

[7] The standard range for this offense is 6 to 12 months, the aggravated range is 9 months, and the statutory maximum is 24 months.
[8] The standard range for this offense is RS (restorative sanctions) to 6 months, and the statutory maximum is 24 months.
[9] The standard range for this offense is 6 to 12 months, and the statutory maximum is 24 months.
[10] The standard range for this offense is 6 to 12 months, and the statutory maximum is 24 months.

5

2005))("if sentencing court has benefit of pre-sentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors.").

Third, we advised Defendant whenever we were sentencing him in the aggravated range or at the top of the standard range. We explained on the record the reasons for the aggravated sentences. Those reasons are supported by the law in this Commonwealth. "[A] sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range." Commonwealth v. Hoover, 492 A.2d 443, 444 (Pa. Super. 1985). With respect to deviation from the standard range, courts in this Commonwealth have stated, "'The provision of a "norm"…strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense…'" Fullin, 892 A.2d at 848 (quoting Commonwealth v. Walls, 846 A.2d 152, 158 (Pa. Super. 2004)). "'The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.'" Id. "An aggravated range sentence…will thus be justified to the extent that the individual circumstances of his case are atypical of the crime for which [the defendant] was convicted, such that a more severe punishment is appropriate." Fullin, 892 A.2d at 848.

We considered the following circumstances which led to Defendant's arrest and convictions: Defendant was arrested after firing a .22 revolver at his girlfriend's head in close proximity, while she was holding their infant son. The bullet struck the back of the victim's head, where it remains, though she survived the injury. The two other children were sleeping in the same residence at the time of the incident. Following the shooting, Defendant drove the

6

victim and the three children to Big Lots in Chambersburg Borough, Pennsylvania, and dropped the children off with the victim's friend and sister. Defendant then dropped the victim off at the Chambersburg Hospital and left to discard the firearm. When Defendant was first interviewed by Detective Todd Baker of the Chambersburg Police Department, he maintained that he and his girlfriend were in the "projects" when they were approached by two black men who tried to grab something off Defendant and then fired shots as Defendant and his girlfriend were running away.

After being confronted with additional evidence in a subsequent interview, Defendant confessed to shooting his girlfriend, but maintained it was an accident. He admitted that he put the gun to the back of his girlfriend's head during an argument in order to intimidate her. He pulled the trigger once, and it clicked. When he pulled the trigger the second time, the gun went off. Defendant further indicated the victim moved her head immediately before the gun was fired. If she had not, the bullet would likely have entered the center of her head, instead of the back.

The offense of Endangering the Welfare of Children is defined as: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. §4304(a)(1).

At sentencing, we explained, "This is an aggravated range sentence because you didn't just simpl[y] violate a duty of protection, care, or support to your son, you shot his mother at close range while she was holding him. This is egregious and extreme and merits an aggravated range sentence." Transcript of Proceedings of Sentencing, October 30, 2019 ("T.P., 10/30/2019"), at 10-11. We considered the severity of the crime, the fact that the child was seriously endangered, and the egregious nature of the acts underlying the crime. See

7

Pennsylvania Commission on Sentencing Form 1, November 26, 2019. We explained our reasoning for imposing a sentence in the aggravated range applied equally with respect to the other charges.

Our reasoning was not improper. See Fullin, 892 A.2d at 849 ("The trial court's use of the words 'seriously, seriously abrogated' indicate that it was imposing a sentence based on the fact that Appellant had not merely violated a duty of care, but that Appellant's behavior was a particularly egregious violation of that duty...The aggravated range sentence was thus based on the trial court's finding that not only did Appellant commit a crime, but he committed it in an atypically objectionable way and it had an atypically harmful result."); see also Dotter, 589 A.2d at 731 ("In deciding to deviate from the sentencing guidelines, [we] considered the nature of the criminal acts committed on the victim and the resulting physical harm to her.").

Further, this Court did not err in running Defendant's sentences consecutively. Pursuant to 42 Pa.C.S. § 9721, the sentencing court "has discretion to impose sentences consecutively or concurrently..." Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010). See Commonwealth v. Caldwell, 117 A.3d 763, 772 (Pa. Super. Ct. 2015)("[T]he trial court acted within its discretion in imposing consecutive sentences. Appellant's contention that the trial court sentenced him as if he had killed someone when he had not...indicates that Appellant does not appreciate the seriousness of his convictions. Appellant committed numerous serious crimes, and as the trial court aptly observed, the only reason he did not kill someone was for 'the grace of God.'"). Here, Defendant was convicted of five offenses, resulting from his extreme and egregious actions—actions that could easily have resulted in the death of one or both of Defendant's girlfriend and child. We thus found consecutive sentences appropriate under these circumstances.

8

Defendant also notes that the Court departed from both the recommendation of the Probation Department and the recommendation by the Commonwealth.[11] While we acknowledge the sentences imposed depart from the pre-sentence recommendations, this was not an abuse of discretion. See Corley, 31 A.3d at 299 ("Nor do we agree with Appellant's contention that the court's decision to deviate from the recommendation in the pre-sentence report…, which the Commonwealth and one of the victims agreed was appropriate, suggests bias. The trial court had the opportunity to observe Appellant, hear first-hand his explanation for his conduct, and consider the totality of the circumstances."). As explained above, we fully considered all the relevant circumstances and made an informed and reasonable decision regarding sentencing.

For the reasons discussed, this Court did not abuse its discretion in sentencing Defendant. Thus, he is not entitled to relief on this claim.

## II.     Whether the Court Improperly Inferred Intent

Defendant next claims, "the Court inferred an undue amount of intent in his actions when imposing sentences in the aggravated range and at the top of the standard range."

During sentencing, counsel for Defendant made the following remark: "[W]e would simply request that the counts that he was found guilty of reflect that this was an accidental discharge and that he be sentenced to a period of incarceration commensurate with the action that he undertook." T.P., 10/30/2019, at 5. As the record reveals, we did just that.

Prior to sentencing Defendant, we explained our reasoning on the record:

> Your attorney suggests that this was an accident as determined by the jury. I can tell you I won't infer anything from the jury's verdict other than the fact that they found you not guilty on Counts 1, 2, 3, and 5. It is well beyond the province of this Court to make any determination as to what the jury was thinking or what they

---

[11] The Probation Department and the Commonwealth recommended the two Reckless Endangerment charges run concurrently with the remaining charges for an aggregate sentence of 42 to 108 months' incarceration in a state correctional facility.

based their verdict on. So other than a finding of not guilty on those counts, that is all we can infer from the jury's verdict.

What I heard, however, and I think squares [with] the jury's verdict, was that you pointed a loaded firearm at your girlfriend's head in the course of an argument and you pulled the trigger[] not once but twice. You are claiming this was an accident, and I would tell you that my definition of accident and your definition of an accident are so very, very different.

You intended to point that firearm in the direction of Ms. Manzo's head and you intentionally pulled the trigger. You may not have intended that it dispel a bullet into her head because you were so negligent and careless and reckless in your act of not confirming that the firearm that was in your possession, in your hand at the time the trigger was pulled was not loaded. All of this exacerbated by the fact that your child was in her arms at the time.

This has to be one of the most egregious examples of recklessness, not accident, reckless behavior, reckless disregard, extreme indifference to the value of those two human lives sitting next to you, your girlfriend and your baby.

You intended to pull the trigger. You may not have fully understood that the gun was loaded but you fully intended to pull the trigger and you are responsible for that result. You are responsible for the fact that Ms. Manzo has a bullet lodged in her head. You are responsible for any consequence that she may suffer as a result....

So I understand that you may not have intended to kill Ms. Manzo but I am sentencing you for what you did.

T.P., 10/30/2019, at 8-10.

The record belies any assertion that this Court improperly inferred intent when sentencing Defendant. We stated we were only sentencing Defendant for what he did. Defendant was found guilty under two subsections of Simple Assault for "negligently caus[ing] bodily injury to another with a deadly weapon" and "attempt[ing] by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. §2701(a)(2) & (3), respectively. He was also convicted of "knowingly endanger[ing] the welfare of [a] child," as well as "recklessly

10

engag[ing] in conduct which places or may place another in danger of death or serious bodily injury." 18 Pa.C.S. §4304(a)(1), 18 Pa.C.S. §2705, respectively. From this, it is clear the jury found Defendant guilty of more than just an accident—he intended to point a gun at his girlfriend's head and pull the trigger.[12] The jury's verdict of not guilty on the charges of Aggravated Assault and Criminal Attempt--Homicide does not change this.

The excerpted portion of the sentencing transcript shows that the Court plainly stated that we were not assuming Defendant intended to kill his girlfriend. We explicitly recognized that Defendant was found not guilty of several of the charges. We did not err in refusing to accept Defendant's claim it was an accident. Our discussion of Defendant's state of mind correlates with the language of the offenses of which he was convicted, i.e., "negligently," "recklessly," "knowingly," and "attempts."

Based upon the foregoing, it is clear this Court did not improperly infer Defendant's intent when imposing sentence. As such, this claim is denied.

## III.   Merger

Next, Defendant claims his two Simple Assault convictions should have merged for sentencing purposes pursuant to 42 Pa.C.S. §9765. He argues the convictions consist of the "same crime arising from the same criminal act." Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B), November 6, 2019, at ¶II.3. Accordingly, Defendant "believes either [he] should only have been sentenced on one of these charges or that these charges should have run concurrently with each other." Id. For the following reasons, we disagree.

---

[12] We also noted additional evidence pointing toward a consciousness of guilt, including the false story Defendant provided to law enforcement to deflect any involvement in the incident, the fact that Defendant dumped his girlfriend off at the hospital after he shot her, and his subsequent actions in discarding the weapon.

11

Defendant was found guilty of violating two different subsections of the Simple Assault statute. 18 Pa.C.S. §2701(a)(2) provides that "a person is guilty of assault if he...negligently causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S. §2701(a)(2). 18 Pa.C.S. §2701(a)(3), by contrast, provides that "a person is guilty of assault if he...attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. §2701(a)(3).

42 Pa.C.S. §9765, which addresses merger of sentences, provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. §9765. "'The statute's mandate is clear. It prohibits merger unless two distinct facts are present: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.'" Commonwealth v. Grays, 167 A.3d 793, 814 (Pa. Super. 2017)(*quoting* Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009)). If "both crimes require proof of at least one element which the other does not, ...the sentences do not merge." Commonwealth v. Anderson, 650 A.2d 20, 24 (Pa. 1994).

Even assuming the crimes arose from a single criminal act, we find that the elements of Simple Assault (negligently causing bodily injury) are not included in the elements of Simple Assault (physical menace). The crimes require proof of different elements. Section 2701(a)(2) requires negligence as Defendant's state of mind, while Section 2701(a)(3) requires that Defendant attempt to place another in fear. Further, Section 2701(a)(2) requires Defendant's conduct actually cause bodily injury to another, while Section 2701(a)(3) does not require that any actual harm result. Additionally, Section 2701(a)(2) necessitates the use of a deadly weapon, while Section 2701(a)(3) does not. Lastly, Section 2701(a)(3) requires the intended fear be of

12

imminent serious bodily injury, while Section 2701(a)(2) has no similar imminence requirement or seriousness of injury requirement.

As it is clear all of the statutory elements of one of the offenses are not included in the statutory elements of the other, Defendant's two convictions for Simple Assault do not merge for sentencing purposes.

## IV.    Charges under a Single Docket

Defendant's final claim is that "the law requires that all charges charged under one docket number must be run concurrently and that it is illegal for consecutive sentences to be given for charges arising out of the same docket number." Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B), November 6, 2019, at ¶II.4. This argument is without support.

42 Pa.C.S. §9721(a), which deals with sentencing generally, provides:

> In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently: (1) [a]n order of probation; (2) [a] determination of guilt without further penalty; (3) [p]artial confinement; (4) [t]otal confinement; (5) [a] fine.

42 Pa.C.S. §9721(a). "'The unambiguous language of [this section] empowers a sentencing court to fashion a sentence which includes one or more of five alternative punishments and permits these punishments to be imposed consecutively or concurrently.'" Commonwealth v. Green, 458 A.2d 951, 954 (Pa. Super. 1983)(quoting Commonwealth v. Pierce, 441 A.2d 1218, 1219 (Pa. 1982)). Further, Pa.R.Crim.P. 705(B) states:

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

13

Pa.R.Crim.P. 705(B). "In setting sentence, a court has discretion not only to deviate from guideline ranges,...but also to run the sentence concurrently with or consecutively to other sentences being imposed." Commonwealth v. Mouzon, 828 A.2d 1126, 1130 (Pa. Super. 2003); see also Commonwealth v. Meise, 312 A.2d 48, 50 (Pa. Super. 1973)("Where two sentences are imposed at the same time, the court has the power to make them consecutive.").

Moreover, "[c]onsecutive sentences of incarceration have been deemed authorized for conviction of separate offenses occurring close in time." Commonwealth v. Levine, 531 A.2d 513, 514 (Pa. Super. 1987)(citing Commonwealth v. Green, 458 A.2d 951 (Pa. Super. 1983)). "Similarly, pursuant to Section 9721, [the Superior Court] has allowed imposition of consecutive sentences of incarceration on separate counts of the same indictments." Levine, 531 A.2d at 514-15 (citing Commonwealth v. Mayo, 417 A.2d 701 (Pa. Super. 1980)).[13]

In the instant case, Defendant was convicted of five distinct offenses. Though the offenses occurred close in time and were contained in a single docket number, they are separate crimes. Thus, under §9721(a), we imposed a sentence of total confinement for each of the five offenses, to run consecutively. This is clearly within our statutory authority.

As the sentence imposed was not illegal, Defendant is not entitled to relief on this claim.

## CONCLUSION

We have reviewed each of Defendant's claims and find he is entitled to no relief. As such, Defendant's Post-Sentence Motion is denied. An order follows.

---

[13] In Commonwealth v. Mayo, the Superior Court held that the appellant's claim that consecutive sentences on separate counts of the same indictment were illegal was "patently frivolous," as the appellant was convicted of separate assaults, and "[t]he mere fact that they occurred in close proximity to each other or that they were averred in separate counts of the same indictment did not preclude the imposition of consecutive sentences." 417 A.2d at 702.

14

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL
DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| v. | : | No. 1770-2016 |
| | : | No. 1533-2017 |
| Jose A. Lopez, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## ORDER OF COURT

NOW, this **3rd** day of April, 2020, upon consideration of Defendant's Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B), the Commonwealth's response thereto, the record, and the applicable law;

**IT IS HEREBY ORDERED** that Defendant's Motion is DENIED for the reasons fully set forth in the foregoing Opinion.

**THE DEFENDANT IS ADVISED** that he has the right to appeal the denial of his Post-Sentence Motion to the Superior Court of Pennsylvania by filing a written Notice of Appeal within thirty (30) days of the date of the entry of this Order. The defendant is further advised that he has the right to the assistance of counsel in the preparation of an appeal. The defendant is also advised that if he is indigent he may qualify to proceed *in forma pauperis*, entitling him to a waiver of filing fees and costs in pursuing an appeal.

*The Clerk of Courts shall process this Order pursuant to Pa.R.Crim.P. 114.*

By the Court,

_____
Angela R. Krom, J.

Distribution:
Franklin County District Attorney
Erich Hawbaker, Esq., Counsel for Defendant
Jose A. Lopez, Defendant

Filed    APR 03 2020

_____
Dep Clerk

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| | : | |
| v. | : | No. 1533-2017 |
| | : | |
| Jose Armando Lopez, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## ORDER OF COURT

AND NOW, this ___10th___ day of June, 2020, pursuant to Pa.R.A.P. 1931(c),

**IT IS HEREBY ORDERED** that the Clerk of Courts shall promptly transmit to the Prothonotary of the Superior Court the record in this matter along with the attached Opinion *sur* Pa.R.A.P. 1925(a).

*Pursuant to the requirements of Pa.R.Crim.P. Rule 114, the Clerk of Courts shall immediately docket this Order and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Order, by mail or personal delivery, to each party and attorney, and shall record in the docket the time and manner thereof.*

By the Court,

_____
Angela R. Krom, J.

Distribution:
Franklin County District Attorney
Erich Hawbaker, Esq., Counsel for Defendant
Jose Armando Lopez, Defendant